UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>PATRICK L. PRYOR,<br><br>                    Defendant. | NO. 2:15-CR-0091-TOR-6<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion for Compassionate Release. ECF Nos. 870, 874 (supplement). The Government filed its response. ECF No. 877. Defendant filed his reply. ECF No. 878. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On May 23, 2016, Patrick L. Pryor appeared before the Court and entered a plea of guilty to Count 1 of the Superseding Indictment filed in the Eastern District

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

of Washington on September 15, 2015, charging him with Conspiracy to Possess with the Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. §§ 841 and 846.  Pursuant to Fed. R. Crim. P. 20, the Defendant also entered guilty pleas to Counts 1 and 2 of the Superseding Information filed on May 23, 2016 in case number 2:16-CR-0088-TOR-1, for crimes arising out of the District of Idaho, charging him with Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841; and Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922.  ECF Nos. 308, 310; 2:16-CR-0088-TOR-1, ECF No. 6.  On August 1, 2017, this Court sentenced Defendant to a 100-month term of imprisonment, followed by an 8-year term of supervised release, and a $100.00 special penalty assessment.  ECF No. 827.  The sentence was ordered to run concurrent with the sentence imposed in 2:16-CR-0088-TOR-1, where Defendant was also sentenced to a 100-month term of imprisonment, followed by a 5-year term of supervised release, and a $200.00 special penalty assessment.  ECF No. 23. Defendant was remanded to the custody of the United States Marshal to begin service of his sentence.  According to the Bureau of Prisons, Defendant is currently scheduled for release on October 15, 2022.

Defendant submitted a request for sentence reduction to the warden of the facility where he is incarcerated, FCI Sheridan.  ECF No. 870 at 2; 874 at 19; 874-

1 at 45 (dated 3/18/2020). Defendant never received a response to his request. ECF No. 874 at 19.

On December 30, 2020, Defendant filed the instant Motion for Compassionate Release, ECF No. 870, which was supplemented after counsel was appointed, ECF No. 874. Defendant requests the Court to reduce his sentence to time-served. *Id*. at 1. He explains that extraordinary and compelling reasons support such reduction, including: that COVID-19 presents a real and heightened risk to his health and safety and that his wife[1] has been battling Crohn's disease

---

[1]    Defendant claims to have a common law relationship in Idaho with Ms. Mora, but the two are not married. *See* ECF No. 874 at 10. [W]hen a couple cohabit, assume the rights, duties and responsibilities of marriage, and hold themselves out as being married, a presumption of marriage arises. . ." *Metro. Life Ins. Co. v. Johnson*, 103 Idaho 122, 127, 645 P.2d 356, 361 (1982). Here, Defendant previously represented to the Court that he was not married to Ms. Mora, ECF No. 818, PSIR at 32. He represented that they only dated for approximately 8 months prior to his arrest. *Id*. He was arrested on September 9, 2015 and remained in custody to the present. Thus, he has not cohabitated with Ms. Mora since then, and has not assumed the rights, duties and responsibilities of marriage. No marriage or common law marriage exists on these facts.

1 and needs Defendant's assistance to care for her children while she receives
2 surgery. ECF No 874 at 2-3. Defendant claims that he is no longer a danger to the
3 community and the § 3553(a) factors weigh in favor of his release. *Id*.

4 The Government contends the Defendant's proffered medical conditions of
5 obesity, hypertension, and that he may be prone to blood clots due to a potential
6 hereditary condition, are not extraordinary and compelling reasons for immediate
7 release, especially since COVID-19 exists inside and outside BOP custody and
8 Defendant will soon have access to a vaccination. ECF No. 877 at 9-10. The
9 Government argues that Defendant's BOP medical records show the Defendant's
10 medical needs are being met (*i.e.* no acute issues). *Id*. at 10. Finally, the
11 Government contends there are other family members that can care for his
12 girlfriend and her children. *Id*. at 7.

### DISCUSSION

**A. Eligibility for Compassionate Release**

15 Federal courts have the statutory authority to modify an imposed term of
16 imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1)
17 or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).
18 Until recently, motions for compassionate release could only be brought to the
19 Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002).
20 However, after the December 2018 passage of the First Step Act, defendants may

now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been

updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide *guidance* on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases) (emphasis added). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1.

Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Thus, "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

### B. Exhaustion or Lapse of 30 days

Defendant has exhausted his administrative remedies. He submitted a request for compassionate release to the Warden at FCI Sheridan more than 30-days prior to filing his motion and never received a response. The Government concedes that Defendant has exhausted his administrative remedies. ECF No. 877 at 1.

### C. Extraordinary and Compelling Reasons

Defendant, now age 34, argues that extraordinary and compelling reasons justify a reduction in sentence. Defendant contends that he suffers from comorbidities that place him at a very high risk of death or hospitalization if he

becomes infected with COVID-19; including obesity, race, hypertension, and suspected Factor V Leiden (blood clotting).  ECF No. 874 at 14-17.

Defendant's most recent medical records confirm that he is obese and suffering from high blood pressure (hypertension) but do not show any untreated or uncontrolled medical condition.  ECF No. 874-1 at 8-39.

Additionally, Defendant contends that his family circumstances constitute an extraordinary and compelling reason to reduce his sentence.  He contends that his girlfriend cannot undergo necessary surgery because she is a single mother and sole-provider for her children.[2]  *Id*. at 26.  Defendant contends that if he were released he could help care for the children and work, thereby giving his girlfriend an opportunity to receive medical treatment.  *Id*. at 27.

Defendant's girlfriend's declaration indicates that her parents live nearby, run a church, and that her mother assists with childcare when she is available.  ECF No. 874-1 at 41-43.  Thus, it is clear that Defendant is not the only available caregiver.

---

[2]  At the time of sentencing, neither the Defendant nor the PSIR indicated that these were Defendant's children, but now Defendant contends that one of these children is his biological child.  Defendant has a child that resides in Texas for which he does not pay child support.

Whether Defendant is housed in prison or released, the virus continues to spread throughout the world. Just because Defendant fears infection in prison does not warrant immediate release into the community, where the virus also continues to spread as well. In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

Defendant claims that he has demonstrated extraordinary rehabilitation. He completed hundreds of hours of BRAVE programming and remained in the program as a mentor, providing guidance and support to other BRAVE participants. He currently serves as a suicide watch companion and Mental Health Ally. Defendant completed drug education and is waiting to begin the non-residential drug treatment program. ECF No. 874 at 28. Defendant refused to participate in the Residential Drug Abuse Program. ECF No. 874-1 at 38. Defendant successfully participated in 23 educational courses. These claims can all be categorized as rehabilitation, which is not alone an extraordinary and compelling circumstance for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>         (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>     (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement—

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 35 and he had a criminal history category of IV. This directed an advisory guideline range of 235 to 293 months of imprisonment. Considering all the sentencing factors, the Court expressly departed from the advisory range to impose a sentence sufficient but not greater than necessary to comply with the purposes and goals of sentencing.

  Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. This was not a simple, one-time event, Defendant was involved in an extensive methamphetamine drug distribution conspiracy over an extended period of time. This resulted in the distribution of a significant quantity of methamphetamine into the community. Additionally, at the direction of the leader of the conspiracy, Defendant participated in shooting at a residence of a drug rival and was asked to kill the Task Force Officer investigating

the case, as well as others. When Defendant was arrested on September 9, 2015 in Boise, Idaho, he was in possession of 300 grams of methamphetamine and a .45 caliber handgun. Defendant's direct relevant conduct consisted of over 20 pounds of methamphetamine and nearly 1.5 kilograms of heroin. Defendant received a two-level increase to his guideline calculation for possessing the firearm during the course of the offense. Additionally, Defendant received a two-level increase for participating the drive-by shooting of the home of a rivalry drug dealer. Moreover, Defendant committed the instant offense while under a criminal sentence for accessory to grand theft from the State of Idaho.

The Court is obligated to protect the public from defendant's serious, dangerous and devastating conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Defendant's good conduct and successful rehabilitative activities—educational classes, treatment and work while in prison—are all commendable, but

do not alone warrant early release. 28 U.S.C. § 994(t). Considering the totality of all the facts, compassionate release is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release, ECF Nos. 870, 874, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel for the parties.

**DATED** April 29, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 13